# IN THE COURT OF APPEALS OF IOWA

No. 22-1389
Filed January 10, 2024

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**RAYSHAWN DEMETRIUS CRIBBS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Angie Johnston, District Associate Judge.

Rayshawn Cribbs appeals his conviction for operating while intoxicated. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson (until withdrawal) and Katherine P. Wenman, Assistant Attorneys General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**GAMBLE, Senior Judge.**

Rayshawn Cribbs appeals his conviction for operating while intoxicated, asserting the court erred in denying his motion in limine and contending there is insufficient evidence to sustain the conviction. We affirm.

**I. Background Facts.**

After 1:00 a.m. on April 16, 2022, Officer Dale Dellimore was driving his squad car and noted a vehicle make a turn without a turn signal. Officer Dellimore followed the vehicle and ran its license number. Upon learning the registered owner of the vehicle had an outstanding warrant, Officer Dellimore decided to investigate further. He saw the same vehicle parked on the side of the street and watched the driver exit the vehicle and start walking away.

Officer Dellimore parked his squad car and walked around the corner and down the street following the driver. The officer called out and told the walker, who was about half a block ahead, he had some questions about his car. The walker acknowledged it was his car, and Officer Dellimore noted he must be Rayshawn Cribbs. Officer Dellimore asked Cribbs to stop. Cribbs kept walking, and the officer asked Cribbs to take his hands from his pockets, stop, and talk with him. Cribbs stopped, and Officer Dellimore asked for his identification. When the officer asked where Cribbs was going, Cribbs said he was going home because his car ran out of gas. The officer asked if Cribbs would go back to the squad car with him. Cribbs said he was going home. Officer Dellimore placed Cribbs in handcuffs and told him he needed to wait until the officer could confirm information about the warrant. Officer Dellimore noticed Cribbs had a strong odor of alcohol, watery and bloodshot eyes, and "slow and thick-tongued" speech. As the two of them were

walking back to the officer's car, the officer asked how much Cribbs had to drink that night. Cribbs denied drinking anything at first, but Officer Dellimore said he could smell it. Cribbs said, "I wasn't driving." Officer Dellimore responded, "I watched you drive." Cribbs said he did drink after getting out of his car and while he was walking, he threw the bottle away. Cribbs repeatedly asked about the warrant and argued this cannot be an operating while intoxicated (OWI) because he was not driving when Officer Dellimore stopped him. Cribbs refused to submit to any field sobriety tests and later refused to consent to testing at the station. Cribbs was charged with OWI.

Prior to trial, defense counsel filed a motion in limine, asking that the court not to allow any evidence of the unrelated outstanding warrant. The motion was argued on the morning jury trial was to begin. The prosecutor argued that mentioning the warrant explained why the officer approached Cribbs and provided necessary context. Further, Cribbs's repeated questions to the officer about the warrant after the officer had already answered his questions was relevant to Cribbs's mental state and the issue of his intoxication. The prosecutor also argued Iowa Rule of Evidence 5.404(b) did not require excluding the evidence. The defense responded that the officer's initial viewing of the traffic infraction provided sufficient context for the encounter and allowing evidence of the outstanding warrant was prior-bad-acts evidence and not permissible under Iowa Rule of Evidence 5.404(b).

The court ruled:

> The problem that I see is that a lot of times on a no-test with OWI what the jury is looking for are things such as fairness and how the officer treats the defendant. And if the story that we make the

State tell is that they placed the defendant immediately in handcuffs for not putting on his turn signal, I do think that that puts the State in a bad position with regard to that. And I do understand that I have to weigh the prejudice.

What I'm considering doing—and I'd like you guys to address—is what if we did just a cautionary instruction, whereby, there's been testimony concerning a warrant; that warrant had nothing—you know, the jury is not allowed to draw any conclusions from the presence of that warrant, because it was wholly unrelated to the facts and circumstances of this particular offense.

Though the defense repeated their objection to any mention of the warrant, both the prosecutor and defense agreed a cautionary instruction was appropriate if the evidence was allowed.

The court found the evidence of the outstanding warrant relevant to prevent juror confusion or conjecture and concluded any prejudice "can be cured by a cautionary instruction." The defense was granted a standing objection.

Officer Dellimore testified about the circumstances leading up to Cribbs's arrest for OWI. The officer explained that, based on his training and experience, he believed Cribbs had been operating while intoxicated because he smelled the odor of alcoholic beverages when he was walking beside Cribbs, Cribbs's language was somewhat slurred, Cribbs repeatedly asked him the same questions after the officer had already provided the requested information, and Cribbs at first lied about drinking. Officer Dellimore also testified Cribbs's later explanation—that he did not drink until after leaving the car—did not make sense. First, because Cribbs stated he had thrown a bottle away while walking but Officer Dellimore had not seen Cribbs take his hands out of his pockets or make any motions that looked like throwing something, and Officer Dellimore drove back over their route and saw no bottle. Additionally, if Cribbs consumed the alcoholic beverage after he exited

the vehicle, he likely would not have shown signs of intoxication so soon after and there would be no reason to refuse to submit to sobriety tests. The recordings from Officer Dellimore's dashcam and body cam were placed in evidence.[1]

The jury was instructed:

> You have heard evidence that Rayshawn Cribbs had an active warrant for his arrest on April 16, 2022. The reason for that warrant is wholly unrelated to the facts of this case. You may not speculate on the reason for the warrant. Furthermore, you may not infer guilt on any element of this charge merely from the existence of that warrant.

The jury found Cribbs guilty of OWI. On appeal, Cribbs challenges the court's denial of his motion in limine and asserts there is insufficient evidence to sustain the conviction for OWI.

## II. Motion in Limine.

We review evidentiary rulings for an abuse of discretion. *State v. Rodriquez*, 636 N.W.2d 234, 239 (Iowa 2001). "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (citations omitted). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (citation omitted).

Cribbs argues the evidence of the warrant was not relevant or inextricably intertwined with the OWI charge and asserts any mention of it "could have easily been taken out of the evidence without confusion to the jury." The State asserts

---

[1] The court asked if the recordings mention what the warrant was for. The prosecutor stated, "There are numerous times where Mr. Cribbs asks what was my warrant for. I—I would like to have those parts admitted into evidence. I've redacted Officer Dellimore's response to those."

Cribbs's arrest warrant had significant probative value, noting "the arrest warrant was so intimately connected to the OWI investigation that it formed one continuous narrative"; Officer Dellimore testified Cribbs's repetitive questions "can be a sign of impairment," which was critical to whether Cribbs was intoxicated, especially in light of the absence of sobriety tests[2]; and excluding any mention of the warrant would be confusing and misleading to the jury.

Rule 5.404(b)(1) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But that same evidence "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Iowa R. Evid. 5.404(b)(2). The rule seeks to exclude evidence that "serves *no purpose except* to show the defendant is a bad person." *State v. Thoren*, 970 N.W.2d 611, 626 (Iowa 2022) (quoting *Rodriquez*, 636 N.W.2d at 239). So, "to be admissible, evidence must be relevant 'to prove some fact or element in issue other than the defendant's criminal disposition.'" *Rodriquez*, 636 N.W.2d at 239 (citation omitted).

---

[2] We recognize "[a] breath test result is important evidence in prosecutions for [OWI]." *State v. Moorehead*, 699 N.W.2d 667, 673 (Iowa 2005). Here, Cribbs exercised his right to refuse to take a Breathalyzer test, but a refusal to submit to testing can be used by the factfinder as evidence of guilt. *See* Iowa Code § 321J.16 (2022) ("If a person refuses to submit to a chemical test, proof of refusal is admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was operating a motor vehicle in violation of section 321J.2 or 321J.2A."). The jury was instructed it could consider a refusal in reaching its verdict.

Here, the district court found the evidence of the outstanding warrant was relevant to explain why Cribbs was handcuffed so quickly after his encounter with Officer Dellimore. Without the evidence, it would appear to the jury that the officer handcuffed Cribbs for not using his turn signal. In support of the district court's ruling, the State asserts the warrant evidence was so inextricably intertwined with the OWI charge so as not to fall within the scope of rule 5.404(b). *See State v. Nelson*, 791 N.W.2d 414, 419 (Iowa 2010) ("Not all evidence of other crimes, wrongs, or acts falls within the scope of rule 5.404(b). One category of other crimes, wrongs, or acts evidence not covered by rule 5.404(b) is evidence deemed inextricably intertwined with the crime charged. 'Inextricably intertwined evidence is evidence of the surrounding circumstances of the crime in a causal, temporal, or spatial sense, incidentally revealing additional, but uncharged, criminal activity.'" (footnote omitted) (internal citations omitted)). "[B]ecause rule 5.404(b) is inapplicable to inextricably intertwined evidence, the court admits the technically uncharged-crime evidence without limitation and irrespective of its unfair prejudice or its bearing on the defendant's bad character." *Id.* at 420; *cf. State v. Henderson*, No. 13-1199, 2014 WL 7343223, at *4 (Iowa Ct. App. Dec. 24, 2014) (finding counsel had no duty to object under rule 5.403 or 5.404(b) when evidence was inextricably intertwined). To avoid admission of "unnecessary and prejudicial evidence of other crimes, wrongs, or acts," such evidence is only allowed "to complete the story of the charged crime when a court cannot sever this evidence from the narrative of the charged crime without leaving the narrative unintelligible, incomprehensible, confusing, or misleading." *Nelson*, 791 N.W.2d 423.

We agree with the State that the warrant was inextricably intertwined with the OWI because it precipitated the police interaction where Officer Dellimore observed signs of Cribbs's intoxication. Officer Dellimore explained that Cribbs's failure to use a turn signal was the reason he followed the vehicle. The warrant was the reason for his contact with Cribbs. He did not pull Cribbs over for possible OWI based on his driving. And we note Cribbs repeatedly asked about the warrant after the officer had told him what it was for, and the State argued that repetition was indicative of Cribbs's intoxicated state. Severing the evidence would have left the narrative "unintelligible, incomprehensible, confusing ,or misleading."

We also agree with the district court that the probative value of the evidence was not substantially outweighed by unfair prejudice under Iowa Rule of Evidence 5.403. *See State v. Vrba*, No. 14-0894, 2015 WL 5965050, at *4 (Iowa Ct. App. Oct. 14, 2015) (recognizing even relevant and otherwise admissible evidence under the inextricably-intertwined doctrine "must be excluded when its probative value is substantially outweighed by the danger of unfair prejudice"); *accord* 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.404:6 n.26 (Oct. 2023 update) (noting that although the "*Nelson* Court suggested that inextricably intertwined evidence can be admitted 'without limitation and irrespective of its unfair prejudice or its bearing on the defendant's bad character,'" "[l]ike all evidence . . . the trial court would presumably still have discretion to exclude the uncharged misconduct as unfairly prejudicial under Rule 5.403" (quoting *Nelson*, 791 N.W.2d at 420)). "Unfairly prejudicial evidence is evidence that 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [that] may cause

a jury to base its decision on something other than the established propositions in the case.'" *Rodriquez*, 636 N.W.2d at 240 (citation omitted). Here, the court addressed any potential prejudice by issuing a cautionary instruction telling the jury the warrant was unrelated to this case and to not speculate or infer guilt based on the warrant's existence. We presume the jury follows instructions. *See State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012).

## III. Sufficiency of the evidence.

We review sufficiency-of-the-evidence claims for the correction of legal error. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "In conducting that review, we are highly deferential to the jury's verdict. The jury's verdict binds this court if the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it would convince a rational trier of fact that Cribbs is guilty beyond a reasonable doubt. *See id.* It is the jury's function "to weigh the evidence and 'place credibility where it belongs.'" *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (citation omitted). The question is whether the evidence supports the finding the jury made, not whether it would support a different finding. *State v. Lacey*, 968 N.W.2d 792, 800–01 (Iowa 2021).

Here, Officer Dellimore testified about his observations of Cribbs's behavior, the odor of alcoholic beverage as he walked beside Cribbs, Cribbs's statements denying that he had been drinking, then that he had drunk but "wasn't driving," and Cribbs's refusal to submit to preliminary sobriety tests or a breath test. Viewing the evidence in the light most favorable to upholding the jury's verdict and deferring

to the jury's credibility findings, we conclude substantial evidence supports the conviction.  We therefore affirm.

**AFFIRMED.**